Jackson, C. J.
1. The verdict was not contrary to law or evidence. Where a debtor was garnisheed in a suit against his creditor, and claimed that certain cotton was deposited to meet the debt, and that having been destroyed by fire the loss fell on the creditor, and having collected money for insurance on the cotton and offered to pay the net proceeds in settlement to his creditor, which was refused, thereupon announced >that the orediior should recover nothing; and where a very short time *132 before the trial he conveyed all the estate in his hands to his two sons, having previously given a portion of his lands to his wife ; and where,, judgment having been rendered against him as garnishee, a levy on land having been made, and a claim interposed by one of the sons, on the trial the payment alleged to have been made by the sons was only testified to by themselves, though there were witnesses to the deeds;, and where there was great particularity on the part of claimant in .making entries on his note held by his father, and anxiety was exhibited in having the deeds recorded; and where there was no change in the tenant in possession of the land, but the rent -was collected by the family, the jury might conclude that the conveyance was made to hinder and defeat the creditor and the plaintiff in the garnishment case,, and that the son had notice and aided in this purpose. Wait on Fraud; Con., §§233, 241, 228; Bump. Fraud Con., 31-37; 2 Kelly 1; 57 Ga., 235; 51 Id., 537; 61 Id., 629; 68 Id., 567.
2. It was right to admit in evidence the record of the garnishment suit, to show its beginning, its duration and its termination, and thus* to fix notice upon claimant.
,3. Inasmuch as the fact that the defendant in execution had stripped himself of all his property- by conveying it to his two sons in order to keep his creditors from reaching it, went to the gist' of the question of fraud in the claim, it was competent to show that the other son had received part of the land from his father, and to show the circumstances attending the transactions of the father with him, as well as with the claimant; and the sayings of the other son to the claimant and in his hearing were admissible.to show the res gestae of their trading, as well to throw light upon the scheme of the father as to affect the claimant-with notice when his brother informed him about it or talked about it in his hearing.
5. There was no error in'allowing counsel for the creditor (the defendant in the common law suit), as well as counsel for the plaintiff, to-participate in examining witnesses in the claim case arising under the judgment against the garnishee.
6. The advice of counsel to his client in regard to the steps to take-in the case is immaterial, and it was not error to exclude- his testimony thereon.
(a) The remarks alleged to have been made by counsel to the jury as to such advice, and on account of which it was-claimed to have been, admissible, were not certified by the presiding judge.
7. When the claimant admits the possession of the property to-have been in the defendant, and thereby obtains the substantial right to conclude the argument — especially in a case-involving issues of. fraud; *133 —this is a solemn admission in judicio, and he cannot afterwards disprove it.' He may explain, but cannot deny such possession. 68 Ga, 560; Royce & Co., et al. vs. Gazan (present term,) Ga. Law Reporter 33.
R. W. Patterson, for plaintiff in error.
Hill & Harris, Duncan & Miller, for defendant.
8. Where the court had charged fully the law touching the fraudulent intent of the defendant in conveying away his property, and then proceeded to submit the issue of the existence of notice thereof to the claimant, or of such knowledge as should put him on inquiry and suspicion thereof, it was not error to use the expression, “ So you see it is carried down to that.” Code, §1952, sub. sec. 2.
9. If a defendant in execution had, pending litigation, sold his property to prevent those suing him from making their claim out of' him, the sale would be void as to him; and if the purchaser, at the time he bought, had reasonable grounds to suspect that such was his-object, then the sale would be void also as to such purchaser. Code, §1952, sub sec. 2.
11. The circumstances of this case authorized the court to submit to the jury the issue whether the whole affair was real and honest or a mere sham; and to say to them that “if the claimant’did not pay any value for it (the land)/or if it was a sham — he paid the money, and the old man paid it back, then it is no trade.” There was no error in this, when taken in connection with the context, where the issues of fraud or good faith and of notice were fully submitted.
■ 11. The charge, as a whole, was fair and lucid. If in summing up the evidence, the circumstances showing fraudulent intent in the defendant and knowledge of it in the claimant were more numerous than those showing honesty of purpose in the defendant, and ignorance of any bad intent by the claimant, the fault was not in the charge, but in the facts.
Judgment affirmed.